UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RESCAP LIQUIDATING TRUST, <br><br> Plaintiff, <br><br> v. <br><br> FIRST CALIFORNIA MORTGAGE COMPANY, et al., <br><br> Defendants. | Case No. 18-cv-03283-WHO <br><br> **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 78 |

In the Order Granting Motion to Dismiss Counterclaims and Strike Affirmative Defenses in Part and Denying in Part ("January 31, 2019 Order") [Dkt. No. 65] and in the Order Denying Motion to Partially Dismiss the Complaint [Dkt. No 41], I found that the terms of the release provision in the parties' settlement agreement from their case in the District of Minnesota were unambiguous and I held that "claims related to Subject Loans" refers *only* to claims related to defendant FCMC's alleged violations of the Client Contract and Client Guide when it sold loans to Residential Funding Company, LLC ("RFC"). Claims related to violations of the Client Contract and Client Guide were released, nothing else. Defendants now offer parol evidence to move for reconsideration of my interpretation of the release, but parol evidence is inadmissible to vary the terms of an unambiguous agreement. Defendants' motion for leave to file a motion for reconsideration of the January 31, 2019 Order is DENIED.

Defendants ask that I consider statements made by plaintiffs Rescap Liquidating Trust ("Rescap") and RFC in another case against a different defendant from the District of Minnesota, *Residential Funding Company, LLC v. InterLinc Mortgage Services, LLC*, No. 16-cv-3024 (D. Minn.), to interpret the release provision here. In that case, Rescap and RFC asserted claims for fraudulent transfer, alleging that as creditors "with respect to the mortgage loans" the lender sold

to RFC, they had the right to avoid transfers of the lender's assets. Mot. at 1-2. Defendants state that Rescap and RFC expressly acknowledged that their right to avoid alleged fraudulent transfers by that lender related directly to the loans the lender sold to RFC, as well as to Rescap and RFC's breach of Client Contract and Client Guide claims against the lender. *Id.* Defendants contend that such a position is contrary to what Rescap argued in its motion to dismiss and strike. *Id.* Stated differently, defendants assert that Rescap has released its claims against defendants' allegedly fraudulent transfers here because in *InterLinc* it stated that it had a right to avoid transfers related to violations of the Client Contract and Client Guide. Here, it asserts, the settlement agreement between the parties released claims related to FCMC's alleged violations of the Client Contract and Client Guide.

Rescap contends that as a matter of law parol evidence cannot be introduced to interpret an unambiguous contract, that defendants have already brought essentially the same argument in their previous opposition, and that the facts of *InterLinc* are too different to be helpful. Plaintiff's Opposition to Defendants' Motion for Leave to File Motion for Reconsideration of Court's January 31, 2019 Order Granting Motion to Dismiss Counterclaims and Strike Affirmative Defenses [Dkt. No. 81]. I agree.

As I have indicated before, "the parol evidence rule prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing."[1] *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minnesota*, 664 N.W.2d 303, 312 (Minn. 2003) (internal quotation marks and citations omitted). In my previous Orders, I found that the release provision in the parties' settlement agreement is unambiguous. January 31, 2019 Order at 6. Parol evidence, such as Rescap's statements in *InterLinc*, may not be introduced to vary the release's terms. And as I have stated before, defendants' preferred interpretation would lead to an absurd result: it would be irrational for Rescap to enter into an agreement and simultaneously release any claims for frustration of that agreement. January 31,

---

[1] By its own terms, the Settlement Agreement is to be interpreted under Minnesota Law.

2019 Order at 8.

Moreover, the facts of *InterLinc* are not only distinguishable from those here, but they also are unhelpful to defendants. In *InterLinc*, the defendants conspired to enter bankruptcy after selling their business to a different company. *Id.* at 4-5. As a result, Rescap filed a new post-bankruptcy action against the principals of the first company for fraudulent transfer and against the second company for successor liability. *Id.* In *InterLinc*, the defendants transferred the entire business to a third-party to avoid the underlying liability. *Id.* But in this case, defendants allegedly fraudulently transferred monies to themselves to ensure FCMC would be unable to pay its creditors. *Id.* Additionally, in *InterLinc*, there was no settlement agreement between the parties. *Id.* The circumstances here are very different than in *InterLinc,* and underscore why the release cannot be read as defendants assert.

There is no good reason to reconsider the January 31, 2019 Order. I deny defendants' motion for leave to file motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 4, 2019

William H. Orrick
United States District Judge